UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADREAN COOMBS,<br><br>                          Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA; UNITED STATES MARSHALS SERV; U.S. DISTRICT COURT, SOUTHERN DISTRICT OF NY; CHIEF HON. COLLEEN McMAHON; U.S. DEPARTMENT OF JUSTICE; NJ GOVERNOR PHIL MURPHY; NY GOVERNOR ANDREW CUOMO; COUNTY OF ESSEX, NJ; DIRECTOR ALFARO ORTIZ; WARDEN GUY CIRELLO; CFG MEDICAL SERVICES,<br><br>                          Defendants. | 21-CV-3761 (LTS)<br><br>PARTIAL TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, currently incarcerated at Essex County Correctional Facility (ECCF), brings this *pro se* action under the Court's federal question jurisdiction. Plaintiff asserts claims regarding the conditions of his confinement in New Jersey. He also challenges policies implemented in New York in connection with the COVID-19 pandemic, which he alleges are affecting his criminal proceedings pending in *United States v. Coombs*, ECF 1:20-CR-0481-2 (ER) (S.D.N.Y.). For the following reasons, the Court severs Plaintiff's claims arising in New Jersey and transfers such claims to the United States District Court for the District of New Jersey.

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The events giving rise to Plaintiff's claims about the conditions of his confinement in New Jersey took place outside this district, and therefore venue for such claims is not proper here under section 1391(b)(2). Plaintiff names defendants residing in New Jersey in connection with these claims, including the County of Essex, New Jersey; ECCF Warden Guy Cirello; ECCF Director Alfaro Ortiz; CFG Medical Services; New Jersey Governor Phil Murphy; and the United States Marshals Service in Trenton, New Jersey. Venue for these claims is not proper in this district under section 1391(b)(1) because Plaintiff does not allege that all defendants are residents of New York, where this district is located.

Plaintiff's claims challenging the conditions of his confinement arose in Essex County, New Jersey, which is in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue for these claims lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2).

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (holding that "the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)"). Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever

any claim against a party." Fed. R. Civ. P. 21.

Under Rule 21, the Court severs Plaintiff's claims that arose in New Jersey and transfers such claims to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Court severs Plaintiff's claims that arose in New Jersey and are asserted against Defendants County of Essex, New Jersey; ECCF Warden Guy Cirello; ECCF Director Alfaro Ortiz; CFG Medical Services; New Jersey Governor Phil Murphy; and the United States Marshals Service in Trenton, New Jersey, and transfers the claims against these defendants to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees in the action encompassing such claims is a determination to be made by the transferee court.[1]

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: May 27, 2021
New York, New York

                                        /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[1] By separate order, the Court grants Plaintiff application to proceed IFP for the case remaining in this district, against Defendants District Judge Colleen McMahon, New York Governor Andrew Cuomo, and the United States.

3